Timothy B. Wilson - ISB # 6479
Thomas A. Bushnell - ISB # 9163
Timothy B. Wilson, Attorney at Law, PA
P.O. Box 3009
Bonners Ferry, ID 83805
Telephone:     (208) 267-1777
Facsimile:      (208) 267-1760
*tbwilson@twlawoffice.com*
*thomasabushnell@gmail.com*

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| TIFFANY K. MURRAY and KEVIN C. MURRAY, husband and wife, | ) ) ) | **CASE NO. 2:15 -cv- 81** |
| Plaintiffs, | ) ) ) | |
| -vs- | ) ) | **MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO** |
| CITY OF BONNERS FERRY and JOEL MINOR, in his official and individual capacities, and JOHN LUNDE, in his official and individual capacities, and STEPHEN BOORMAN, in his official and individual capacities; and STEVEN BENKULA, in his official and individual capacities, ROBERT BOONE, in his official and individual capacities, and JOHN DOES I-V, and JANE DOES I-V. | ) ) ) ) ) ) ) ) ) ) | **STRIKE DEFENDANT'S MEMORANDUM (DKT 39) AND AFFIDAVIT (DKT42)** |
| Defendants. | | |

COMES NOW, Plaintiffs TIFFANY K. MURRAY and KEVIN C. MURRAY, by and

through their counsel of record, Thomas A. Bushnell of the Wilson Law Firm, and hereby

submits this Memorandum in Support of Plaintiff's Motion to Strike Defendant's Memorandum

in Opposition to Plaintiff's Motion to Amend Complaint to Add Claims for Punitive Damages

filed on April 1 (DKT 39)  hereinafter ("Memorandum") and Defendants' Affidavit in

Opposition to Plaintiffs' Motion to Add Claims for Punitive Damages. (DKT 42) (hereinafter Affidavit) The word "Defendants" in this Memorandum shall mean the following defendants in this matter: The City of Bonners Ferry, Joel Minor, Steven Benkula, Robert Boone and Stephen Boorman (hereinafter "Defendants").

**Authority**

This motion is brought in accordance with Idaho Federal Local Civil Rule 7.1. The decision to grant or deny the Plaintiff's Motion is within the Court's discretion. *See Vanorden v. Bannock Cnty.*, Case No.: 4:14-cv-00303-REB at 5 (D. Idaho, 2015) (unreported).

**ISSUES:**

1. Is the Memorandum filed by the Defendants on April 1, 2016 (DKT 39) over the page limit allowed by Local rule 7.1?

2. Is the Affidavit filed by the Defendants on April 4, 2016 (DKT 42) part of the Memorandum known as Docket Entry 39?

3. Did the Defendants receive leave of the Court to exceed the page limit before they filed the Memorandum?

4. Did the Defendants receive leave of the Court to further exceed the page limit by incorporating their Affidavit (DKT 42) into their Memorandum (DKT 39)?

5. Are the Plaintiffs prejudiced by the Defendants filing the Memorandum?

6. Should the Court rule on the outstanding procedural motions before the hearing on the Defendants' Motion for Summary Judgment and the Plaintiff's Motion to Amend to include a claim for Punitive Damages, to be held on June 22, 2016?

**BACKGROUND FACTS**

On Friday, April 1, 2016, the Defendants filed the Memorandum (DKT 39). The

Memorandum was 24 pages in length. On Monday, April 4, 2016, the Defendants then filed a

document titled Affidavit of Peter Erbland (DKT 42). Attached to the Affidavit was a copy of the

report of Scot Haug that had been disclosed to the Plaintiffs on December 7, 2015. The portions

of this Affidavit relevant to this motion are paragraph 3 and 4, reproduced here:

> 3. Attached hereto as Exhibit B is a true and correct copy of Scot
> Haug's expert witness report. This report was drafted in compliance
> with the Federal Rules of Civil Procedure 26(2)(b) and was disclosed
> to the plaintiffs on or about December 7, 2015.
> 4. Exhibit B is being submitted in opposition to the plaintiffs' motion
> to amend their complaint to add a claim for punitive damages against
> Steven Benkula and Robert Boone. Defendants submit Exhibit B and
> hereby incorporate the report into the defendants' memorandum in
> opposition as if fully set forth therein.

The meaning of ". . . hereby incorporate the report into the defendants' memorandum in

opposition as if fully set forth therein" is at issue.

To understand the meaning of this phrase we can turn to the United States Supreme Court

which used this phrase in *Gelfert v. National City Bank*, 313 U.S. 221 (U.S. 1941). The Court

stated "The law which provides a remedy for the enforcement of a contract, as that law exists at

the time of the making of the contract, enters into and becomes part of the contract as if fully set

forth therein." *Gelfert* at 232. It is important to note that Plaintiffs are not citing this case in

reliance on the underlying rule of law put forth, but to understand the judicial interpretation of

this phrase used by Defendants. So in this sense we may consider this dicta. There is also a case

out of California which uses this phrase. The Court stated ". . .Defendant Thompson agrees that

this Consent shall be incorporated into the Final Judgment as if fully set forth therein." (*SEC v.

Patty*, 1986 U.S. Dist. LEXIS 28188 (C.D. Cal. Mar. 13, 1986)). In the same way that Defendant

Thompson's consent became part of the Final Judgment in *Patty,* Defendants seek to have Scot Haug's report become part of Defendants' Memorandum filed on April 1, 2016 (DKT 39).

Defendants' intention is clear.  Absent a motion for leave of the Court and via an affidavit of counsel, Defendants unilaterally seek to incorporate the report of Scott Haug into the defendants' memorandum in opposition "as if set fully forth therein".  The Report of Scot Haug attached to the Affidavit as Exhibit B is forty-three (43) pages in length. If an incorporation of the Haug report is permitted, the forty-two (43) page Haug report would increase the length of the memorandum to sixty-seven (67) pages in length – a clear violation of F.R.C.P 7.1(a)(2).

**RULE**

Civil Local Rule 7.1(a)(2) provides that "No memorandum of points and authorities in support of or in opposition to a motion shall exceed twenty (20) pages in length, nor shall a reply brief exceed ten (10) pages in length, without express leave of the Court which will only be granted under unusual circumstances."

Civil Local Rule 7.1(e) states:

> (e)  Effects of Failure to Comply with the Rules of Motion Practice.
>
> (1)  Failure by the moving party to file any documents required to be filed under this rule in a timely manner may be deemed a waiver by the moving party of the pleading or motion.  Except as provided in subpart (2) below, if an adverse party fails to timely file any response documents required to be filed under this rule, such failure may be deemed to constitute a consent to the sustaining of said pleading or the granting of said motion or other application.  In addition, the Court, upon motion or its own initiative, may impose sanctions in the form of reasonable expenses incurred, including attorney fees, upon the adverse party and/or counsel for failure to comply with this rule.

In effect, Local Rules require the Plaintiffs to object to these filings because the failure to do could be deemed as giving consent to their entry.

**ANALYSIS**

LENGTH OF MEMORANDUM

Defendants have attempted to file a Memorandum that is, by incorporation, 67 pages in length. Local Rule 7.1(a)(2) limits the length of a memorandum in opposition to a motion to twenty (20) pages without express leave of the Court, which will only be granted under "unusual circumstances". The Ninth Circuit Court of Appeals has stated that, "Parties may file over-length briefs if they obtain prior permission from the court. *King County v. Rasmussen*, 299 F.3d 1077, 1082 (Fed. 9th Cir., 2002).

LEAVE OF THE COURT

Defendants did not give any reason for the filing of this affidavit or the attempted incorporation of the Haug report, nor did they seek leave of the court **before** extending their already over-length memorandum to 67 pages. Defendants appear to not be concerned with obtaining leave of the Court to be exempted from the Local Rules. Defendants could have and should have filed a motion to exceed the page limits permitted by Local Rule 7.1 before filing their over length Memorandum on April 1, 2016 and before seeking to extend their already over length Memorandum (DKT39) from 24 pages to 67 pages on April 4, 2016 (DKT 42).

PREJUDICE

If the Court does not strike Defendants' over-length Memorandum then the result could very well be yet another delay in this case. This would prejudice the Plaintiffs as the Plaintiffs have already suffered damage in increased attorney fees for responding to this filing. In order to protect their rights, and in compliance with the Local Rules, the Plaintiffs now have to file this motion. Anything short of striking the Defendant's

Memorandum will cause further damage to the Plaintiffs. The Plaintiffs are limited by Local Rule 7.1 to only 10 pages to reply to the Defendant's 67 page Memorandum in Opposition. The Defendants are attempting to further prejudice the Plaintiffs by usurping the Federal Rules while placing Plaintiffs in the unenviable position of suffering harm by following the Federal Rules. This is palpably unfair.

PROCEDURAL MOTIONS

The Federal Rules of Civil Procedure aspire to secure "the just, speedy, and inexpensive determination of every action". FRCP 1. To secure the just, speedy and inexpensive determination of the outstanding procedural issues it would be proper for the Court to rule on the procedural motions in these matters. Specifically, the Court's ruling on Defendants' Motion to Exceed Page Limit (DKT 33) (filed simultaneously with Defendants' Memorandum) and Plaintiffs' Motion to Strike (DKT 43), before the hearing scheduled for June 22, 2016, this will narrow the issues for the scheduled hearing to substantive matters in the case, help counsel on both sides to better prepare for the hearing, place less of a burden on the Court's calendar and prevent a needless escalation in the cost of litigation to the parties.

**CONCLUSION**

1. The Memorandum filed by Defendants on April 1, 2016 (DKT 39) is 24 pages in length, which is over the limit allowed by Local rule 7.1.

2. The Affidavit filed on April 4, 2016 (DKT 42) is an attempt by the Defendants to increase the Memorandum to 67 pages in length which is more than three (3) times the limit allowed by Local rule 7.1.

3. Defendants did not request or receive leave of the Court to exceed the page limit before they filed their over-length Memorandum (DKT 39) or attempted to increase the length of the Memorandum via the Affidavit of April 4, 2016 (DKT 42).

4. Due to the need to argue these procedural issues, Plaintiffs have incurred increased costs and are prejudiced by Defendants filing of these over-length filings (DKT 39 and DKT 42).

5. The Court should rule on the outstanding procedural motions before the scheduled hearing on the Defendants' Motion for Summary Judgment and the Plaintiffs' Motion to Amend to include a claim for Punitive Damages, to be held on June 22, 2016.

## PRAYER

The Plaintiffs respectfully request the Court to:

1. Rule on the outstanding procedural motions **before** the hearing on the Defendants' Motion for Summary Judgment and the Plaintiff's Motion to Amend to include a claim for Punitive Damages, to be held on June 22, 2016.

2. Strike the Defendants' Memorandum filed on April 1(DKT 39), and Defendants' Affidavit filed on April 4, 2016 (DKT 42).

   a. In the alternative, truncate Defendant's Memorandum of April 1, 2016 (DKT 39) to twenty (20) pages and strike the Affidavit of April 4, 2016 (DKT 42) in its entirety.

3. Award Plaintiffs reasonable attorney fees and cost having to bring this motion.

4. Any other relief the Court finds just and equitable.
   DATED this 6th day of April, 2016.

7 – Memorandum in Support of Plaintiffs' Motion to Strike DEFENDANT'S MEMORANDUM (DKT 39) AND AFFIDAVIT (DKT42)

Thomas A. Bushnell
Attorney for Tiffany K. Murray and
Kevin C. Murray

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the $\underline{6}^{th}$ day of April, 2016, I filed the foregoing

electronically through the CM/ECF system, which caused to following parties or council to be

served by electronic means, as more fully reflected on the Notice of Electronic Filing:

PETER C. ERBLAND
JENNIFER FEGERT
LAKE CITY LAW GROUP PLLP
435 W. Hanley Avenue, Suite 101
Coeur d'Alene, ID 83815
Attorney for Defendants, City of Bonners Ferry,
Joel Minor, Steve Benkula, Robert Boone and Stephen Boorman
Telephone:  (208) 664-8115
Facsimile:  (208) 664-6338
Peter.erbland@LCLattorneys.com
bkimbley@LCLattorneys.com
nhastings@LCLattorneys.com


MICHAEL J. ELIA
MOORE AND ELIA, LLP
P.O. Box 6756
Boise, ID 83707
Attorney for Defendant, John Lunde
Telephone: (208) 336-6900
Facsimile:  (208) 336-7031
mje@melawfirm.net
chris@melawfirm.net
shawna@melawfirm.net

Thomas A. Bushnell
Attorney for Plaintiffs