PETER C. ERBLAND -- ISBA #2456
perbland@lclattorneys.com
JENNIFER FEGERT– ISBA #7187
jfegert@lclattorneys.com
LAKE CITY LAW GROUP PLLC
435 W. Hanley Avenue, Suite 101
Coeur d'Alene, ID 83815
Telephone: (208) 664-8115
Facsimile: (208) 664-6338

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIFFANY K. MURRAY and KEVIN C. MURRAY, husband and wife,<br><br>    Plaintiffs,<br><br>vs.<br><br>CITY OF BONNERS FERRY and JOEL MINOR, in his official and individual capacities, and JOHN LUNDE, in his official and individual capacities, and STEPHEN BOORMAN, in his official and individual capacities; and STEVEN BENKULA, in his official and individual capacities, ROBERT BOONE, in his official and individual capacities, and JOHN DOES I-V, and JANE DOES I-V.<br><br>    Defendants. | Case No. 2:15-cv-00081-REB<br><br>**MOTION TO EXCEED PAGE LIMIT AND OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE** |

COMES NOW defendants City of Bonners Ferry (City), Joel Minor, Stephen Boorman, Steven Benkula and Robert Boone (hereinafter collectively referred to as "defendants"), by and through their attorney of record, and hereby move the court for an order allowing defendants to exceed the page limit with regard to their response to plaintiffs' motion to amend their complaint to add a claim for punitive damages. Defendants further oppose plaintiffs' motion to strike defendants' response to plaintiffs' motion for leave to amend and the affidavit of Peter C. Erbland.

## I. BACKGROUND

1.      On March 17, 2015, plaintiffs caused to be served on Defendants City of Bonners Ferry and its named agents and employees the plaintiffs' first amended complaint for damages, which consisted of fifty-one pages and four hundred and fifty two allegations. (Dkt. No. 5).

2.      On March 11, 2016, plaintiffs filed a motion to amend their complaint to add a claim for punitive damages and a memorandum in support of their motion. (Dkt. No. 35; 35-1).

3.      The proposed second amended complaint consists of fifty one pages and four hundred and fifty two allegations against all defendants. (Dkt. No. 35-4).

4.      In support of plaintiffs' motion to amend their complaint, the plaintiffs submitted **over three hundred pages** of documents and exhibits. (Dkt. No. 35-5).

5.      Plaintiffs' motion for leave to amend their complaint to add a claim for punitive damages was untimely and filed six months outside this court's scheduling order dated June 8, 2015.

6.      Defendants opposed the plaintiffs' motion for leave to amend their complaint and timely filed a twenty four page memorandum on April 1, 2014.   (Dkt. No. 39).

7.      On April 4, 2015, still within the time limits set by this Court for the defendants' response to the plaintiffs' motion to amend, defendants filed an affidavit of counsel in support of their opposition. (Dkt. No. 42).

8.      Attached as an exhibit to the affidavit of Peter C. Erbland was the expert witness report of Scot Haug.   (Dkt. No. 42).   The expert report of Scot Haug was disclosed to the plaintiffs on December 7, 2015, with defendants' Rule 26 expert witness disclosure. (Exhibit A to Erbland Affidavit).

9.   On April 6, 2016, plaintiffs filed a motion to strike defendants' memorandum and the affidavit of Peter C. Erbland, claiming prejudice to the plaintiffs in having to reply to four additional pages in defendants' memorandum and a report that had been previously disclosed to plaintiffs as part of this lawsuit.  (Dkt. No. 43).

## II. ARGUMENT

Plaintiffs have filed a motion to strike defendants' memorandum submitted to this court in opposition to plaintiffs' motion to amend their complaint to add a claim for punitive damages. Plaintiffs have also moved this court to strike the affidavit of Peter C. Erbland and the exhibits attached thereto.   Plaintiffs claim they will suffer prejudice and increased cost of litigation should they have to respond to the four extra pages included in defendants' memorandum and a report that had been previously disclosed to them as part of defendants' expert witness disclosures.  Plaintiffs' arguments should be rejected.

**1.   Defendants Respectfully Request That This Court Deny Plaintiffs' Motion To Strike And Accept Defendants' Memorandum and Affidavit In Its Entirety.**

Local Civil Rule 7.1(a)(2) provides in relevant part:

> No memorandum of points and authorities in support of or in opposition to a motion shall exceed twenty (20) pages in length, nor shall a reply brief exceed ten (10) pages in length, without express leave of the Court, which will only be granted under unusual circumstances.

Defendants acknowledge that through oversight, counsel failed to ask leave of the court to file excess pages for their response to the plaintiffs' motion to amend their complaint. Defendants recognize the purpose of Rule 7.1 is to allow for the efficiency of motion practice within this District.  Defendants assert, however, that their oversight was not done in an effort to thwart the Court's rules or to cause undue prejudice to the plaintiffs.  Instead, the addition of four pages to their memorandum was necessary to properly respond to plaintiffs' arguments and

claims in their motion for punitive damages, considering the vast amount of documents and exhibits plaintiffs filed in conjunction with their motion. (See Dkt. No. 35-5).

Including four additional pages in a response memorandum is not a cardinal sin, especially when compared with the **hundreds** of pages plaintiffs have besieged this Court with. In support of their motion for leave to amend, the plaintiffs filed over two hundred and fifty pages of exhibits, which are incorporated into their memorandum by reference and citation throughout their argument. The unusual circumstances created by plaintiffs in filing hundreds of pages of exhibits warrants an exception to Rule 7.1. Defendants respectfully request this court grant an order allowing defendants to submit their memorandum and supporting affidavit as filed and that the Court recognize all arguments and exhibits submitted therewith.

**2.     Defendants' Memorandum and Affidavit Does Not Cause Prejudice To the Plaintiffs.**

Plaintiffs claim that if this court does not strike defendants' memorandum then the "result could very well be yet another delay in this case." Plaintiffs further claim that because defendants filed a memorandum that exceeds the page limit by four pages and an affidavit of counsel, they have suffered prejudice and incurred increased attorney fees in bringing a motion to strike those pages and the affidavit. These arguments should also be rejected.

Plaintiffs complain that the reference to Scot Haug's report in counsel's affidavit is improper and prejudicial as the affidavit incorporates "more than three (3) times the limit allowed by Local rule 7.1." (Dkt. No. 43-2, p. 6). Yet, plaintiffs have overwhelmed this court with over three hundred pages of documents and exhibits, which by reference to those exhibits in their memorandum and statement of facts are incorporated as if fully set forth therein. Plaintiffs' memorandum and statement of facts cites to the hundreds of pages of exhibits and their citations to each document incorporates each exhibit into their memorandum and argument as if fully set

forth in the pleadings.  Should this court decide to strike the additional four pages of defendants' memorandum and twenty page report of Scot Haug[1], it would only follow that the Court must also strike the two hundred and fifty pages of exhibits filed by plaintiffs as being outside the page limits of Rule 7.1.  Plaintiffs cannot reasonably ask this court to strictly impose Rule 7.1 against defendants when the plaintiffs thwart that very rule themselves by filing hundreds of pages of documents as exhibits supporting their "statement of facts."  (Dkt. No. 35-5).

Plaintiffs' argument that they are prejudiced by the affidavit of counsel and the report of Scot Haug also has no merit as plaintiffs were given of copy of Haug's report on December 7, 2015.  The content of that report is not new or surprising to the plaintiffs and its inclusion is helpful to the Court in evaluating plaintiffs' motion for punitive damages against Steven Benkula and Robert Boone.  There is simply no merit to the plaintiff's argument that the filing of the report will cause "yet another delay in this case" as plaintiffs cannot show that a delay has occurred or that it would take plaintiffs any longer to reply to defendants' memorandum simply by the filing of Haug's report.

And finally, any additional expense incurred in bringing their motion to strike is caused by plaintiffs.  It is trivial to argue over a mere additional four pages to defendants' memorandum and a report that has been disclosed to the plaintiffs  when the plaintiff has usurped the Court rules themselves by filing over three hundred pages of documents.  Plaintiffs could have easily, and in good faith, discussed the issue with defendants and come to an agreement regarding the additional pages.  However plaintiffs decided to waste their own time, the defendants' time, and this Court's time bringing a motion to argue over a slight procedural oversight.

---

[1] Plaintiff's claim that the addition of Scot Haug's report add forty-three pages to the defendants' memorandum; however, this claim is misleading as the substances of Haug's report is only twenty pages long. The remaining twenty-four pages contains Haug's curriculum vitae and his experience as an expert, which is not included in the substance of the report.

## III. CONCLUSION

Defendants did not act in bad faith or purposefully attempt to violate Rule 7.1.  Instead, defendants' oversight of four additional pages to their memorandum and the affidavit of counsel should be accepted by this Court considering the unusual circumstance of defending against over three hundred pages of documents filed by plaintiffs.  Defendants respectfully request that this court enter an order allowing defendants to exceed the page limit pursuant to Rule 7.1 of the local rules and consider all arguments and exhibits presented by defendants in response to plaintiffs' motion to amend to include a claim for punitive damages.  Defendants further request that this court deny the plaintiffs' motion to strike.

DATED this _____ day of April, 2016.

LAKE CITY LAW GROUP PLLC

PETER C. ERBLAND
Attorney for Defendants

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on the _11th_ day of April, 2016, I filed the foregoing electronically through the CM/ECF system which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Timothy B. Wilson
Thomas A. Bushnell
P.O. Box 3009
Bonners ferry, ID 83805
*Attorneys for Plaintiffs*

☐ Fax Transmission:  208-267-1760
☒ Email: tbwilson@twlawoffice.com
☒ Email: thomasabushnell@gmail.com

Michael J. Elia
Steven R. Kraft
Moore & Elia, LLP
P.O. Box 6756
Boise, ID  83707
*Attorney for Defendant John Lunde*

☐ Fax Transmission:  208-336-7031
☒ Email: mje@melawfirm.net
☒ Email: steve@melawfirm.net

Nicky Hastings

W:\CDADOCS\00254\00010\PLEAD\C218623.DOC