UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| TIFFANY K. MURRAY and KEVIN C. MURRAY, husband and wife,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>CITY OF BONNERS FERRY and JOEL MINOR, in his official and individual capacities, and JOHN LUNDE, in his official and individual capacities, and STEPHEN BOORMAN, in his official and individual capacities, and STEVEN BENKULA, in his official and individual capacities, ROBERT BOONE, in his official and individual capacities, and JOHN DOES I-V, and JANE DOES I-V,<br><br>　　　　Defendants. | Case No.: 2:15-cv-00081-REB<br><br>**MEMORANDUM DECISION AND ORDER RE:**<br><br>**DEFENDANTS' MOTION TO EXCEED PAGE LIMIT (Docket No. 33)**<br><br>**PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' MEMORANDUM AND AFFIDAVIT (Docket No. 43)**<br><br>**DEFENDANTS' MOTION TO EXCEED PAGE LIMIT (Docket No. 44)** |

　　Now pending before the Court are (1) Defendants' Motion to Exceed Page Limit (Docket No. 33), (2) Plaintiffs' Motion to Strike Defendants' Memorandum and Affidavit (Docket No. 43); and (3) Defendants' Motion to Exceed Page Limit (Docket No. 44).  Having carefully considered the record and otherwise being fully advised, the undersigned enters the following Memorandum Decision and Order:

**DISCUSSION**

　　Each of the at-issue Motions speak to the page limits of Defendants' briefing surrounding (1) Defendants' Motion for Summary Judgment (Docket No. 34) and (2) Plaintiffs' Motion to Amend to Assert a Claim for Punitive Damages (Docket No. 35), currently scheduled for hearing

**MEMORANDUM DECISION AND ORDER - 1**

on June 22, 2016.  Specifically, Defendants' March 11, 2016 Memorandum in Support of Motion for Summary Judgment (Docket No. 34, Att. 1) is 41 pages long, while their Statement of Material Facts (Docket No. 34, Att. 2) is 20 pages long; likewise, Defendants' April 1, 2016 Opposition to Plaintiffs' Motion to Amend (Docket No. 39) is 25 pages long.  According to Local Civil Rule 7.1:

> No memorandum of points and authorities in support of or in opposition to a motion shall exceed twenty (20) pages in length, nor shall a reply brief exceed ten (10) pages in length, without express leave of the Court which will only be granted under unusual circumstances.  The use of small fonts and/or minimal spacing to comply with the page limitation is not acceptable.
>
> . . . .
>
> Each motion, other than a routine or uncontested matter, must be accompanied by a separate brief, not to exceed twenty (20) pages, containing all of the reasons and points and authorities relied upon by the moving party.  In motions for summary judgment under Federal Rule of Civil Procedure 56, in addition to the requirements contained in Federal Rule of Civil Procedure 56(c)(1), the moving party shall file a separate statement of material facts, not to exceed ten (10) pages, which the moving party contends are not in dispute.

Dis. Idaho Loc. Civ. R. 7.1(a)(2) & (b)(1).  Therefore, each of Defendants' above-referenced filings is over the page limits permitted in this District.

But Defendants have moved to exceed those page limits, pointing out that Plaintiffs have filed a 53-page Amended Complaint with over four hundred allegations, arguing in turn that "the number and complexity of the claims alleged give rise to unusual circumstances that require a memorandum over the length permitted by the Local Rules."  Mot. to Exceed Page Limit (MSJ), p. 2 (Docket No. 33); *see also* Mot. to Exceed Page Limit (Opp. to Amend) (Docket No. 44) ("[T]he addition of four pages to their memorandum was necessary to properly respond to Plaintiffs' arguments and claims in their motion for punitive damages, considering the vast

**MEMORANDUM DECISION AND ORDER - 2**

amount of documents and exhibits Plaintiffs filed in conjunction with their motion.").[1] On their face, Defendants' requests in these respects make sense; however, for the reasons that follow, they ultimately must fail.

First, Defendants' Motion to Exceed Page Limit (MSJ) was filed contemporaneously with its Motion for Summary Judgment, its overlength Memorandum in Support of Motion for Summary Judgment, and overlength Statement of Material Facts. *Compare* Mot. to Exceed Page Limit for MSJ (Docket No. 33), *with* Mot. for MSJ, Mem. in Supp. of MSJ, and Stmt. of Mat. Facts (Docket Nos. 34 & 34, Atts. 1 & 2).[2] And, while the sort of "unusual circumstances" referenced within Local Civil Rule 7.1(a)(2) may very well apply here, it is incumbent upon Defendants to proffer those circumstances to the Court *before* actually filing any overlength briefing. Otherwise, Local Civil Rule 7.1(a)(2)'s additional and straightforward mandate that page limits not be exceeded "without express leave of the Court" means nothing, while, further, undercutting the Court's ability to meaningfully consider the merits of any request for more pages. In short, motions to exceed page limits are not granted as a matter of right – Defendants must secure the Court's permission before filing a brief that exceeds this District's established page limits; asking for permission after-the-fact rather than permission upfront is simply not enough. *See, e.g.*, *King Co. v. Rasmussen*, 143 F. Supp. 2d 1225, 1227 (W.D. Wash. 2001)

---

[1] For ease of reference, Defendants' initial Motion to Exceed Page Limit dealing with their Motion for Summary Judgment is identified herein as "Motion to Exceed Page Limit (MSJ)"; Defendants' later Motion to Exceed Page Limit dealing with their opposition to Plaintiffs' Motion to Amend will be identified herein as "Motion to Exceed Page Limit (Opp. to Amend)."

[2] A closer examination of the docket reveals that Defendants' Motion to Exceed Page Limit (MSJ) was filed on March 11, 2016 at 6:36 p.m. MST, whereas their Motion for Summary Judgment and supporting materials (including Memorandum in Support of Motion for Summary Judgment and Statement of Material Facts) were filed on March 11, 2016 at 8:11 p.m. MST. Coincidentally, the deadline for filing dispositive motions was also March 11, 2016.

**MEMORANDUM DECISION AND ORDER - 3**

(addressing similar Western District of Washington local rule, stating: "The Rasmussens did not request advance permission from the court to file overlength briefs. The Rasmussens' submissions violate the plain language of Civil Rule 7(c). The court will strike all briefing on both responses beyond page 24, and the arguments contained in those excess pages will not be considered.").[3]

      Second, notwithstanding the problematic timing issues involved with Defendants' Motion to Exceed Page Limit, it is also substantively deficient. For example, nowhere in the Motion do Defendants relay the number of pages they *actually need* to adequately address the claims raised in Plaintiffs' Amended Complaint. The Rules do not anticipate and the Court will not permit an open-ended request for additional pages – such a practice not only ignores the extraordinary workload in this District Court, it also disregards the logical onus placed upon moving parties to exercise self-restraint in making such requests by making realistic requests in what is absolutely needed by way of additional briefing so as to justify a departure from Local Civil Rule 7.1, and then to construct their briefing to meet that measure. Separately, the Motion is silent on Defendants' overlength Statement of Material Facts, altogether failing to mention even the need for more pages in that discrete respect.[4]

---

[3] In reaching this conclusion, the undersigned is mindful of the realities that accompany a busy litigation practice and the difficult task of having to sometimes "fit an elephant into a suitcase" when it comes to dense briefing – as the saying goes: "If I had more time, I would have written a shorter letter." But such facts must be balanced against the strain on the Court's already-swollen docket and potential prejudices to the opposing party. Local Civil Rule 7.1 takes this all into account, appropriately requiring some degree of anticipation and foresight in first securing permission to file an overlength brief before actually doing so.

[4] Ultimately, after Plaintiffs pointed out this shortcoming, Defendants addressed the need to expand their Statement of Material Facts in their reply briefing. *See* Resp. to Pls.' Opp. to Mot. to Exceed Page Limit for MSJ, p. 5 (Docket No. 49) ("Defendants acknowledge that through oversight, they failed to include in their motion to exceed the page limit for their memorandum a request to exceed the page limit with regard to their statement of facts.").

**MEMORANDUM DECISION AND ORDER - 4**

Third, Defendants' Motion to Exceed Page Limit (Opp. to Amend) is also untimely; indeed, even more so than their earlier-in-time Motion to Exceed Page Limit (MSJ). Whereas the initial request was filed on the same day as the overlength Memorandum in Support of Motion for Summary Judgment (*see supra*), the later request was filed 10 days after the overlength Opposition to Plaintiffs' Motion to Amend. *Compare* Opp. to Pls.' Mot. to Am. (Docket No. 39) (filed on April 1, 2016), *with* Mot. to Exceed Page Limit for Opp. to Am. (Docket No. 44) (filed on April 11, 2016).[5] Given this significant lapse in time, the reasons for questioning the merits of Defendants' Motion to Exceed Page Limit (MSJ) apply even more forcefully to their second effort at requesting more pages.

With all this in mind, Defendants' Motion to Exceed Page Limit (MSJ) and Motion to Exceed Page Limit (Opp. to Amend) (Docket Nos. 33 & 44) are denied. However, the Court will not strike them in whole or in part and, in this respect, Plaintiffs' Motion to Strike (Docket No. 43) is also denied. Instead, the Court will vacate the June 22, 2016 hearing on Defendants' Motion for Summary Judgment (Docket No. 34), and Plaintiffs' Motion to Amend to Assert a Claim for Punitive Damages (Docket No. 35), requiring that Defendants re-file their Memorandum in Support of Motion for Summary Judgment, Statement of Material Facts, and Opposition to Plaintiffs' Motion to Amend with 14 days of this Memorandum Decision and Order. Said filings (to be identified as "amended" filings) shall comply with this District's Local Civil Rules and not represent an opportunity for Defendants to make new or more elaborating arguments; rather, again, it is to bring Defendants' briefing into compliance with the best

---

[5] Defendants' Motion to Exceed Page Limit (Opp. to Amend) followed Plaintiffs' pending Motion to Strike (Docket No. 43) (dealing with Defendants' overlength Opposition to Plaintiffs' Motion to Amend) and was subsumed within their opposition to that same Motion to Strike. *See* Mot. to Exceed Page Limit for Opp. to Am. (Docket No. 44).

**MEMORANDUM DECISION AND ORDER - 5**

procedural practices of this Court – now and in the future.  If necessary, Plaintiffs are permitted a five-page response (to each amended filing), to be filed within 14 days thereafter (this, also, is not an opportunity for Plaintiffs to make new or additional argument).

The Court recognizes that there is no perfect solution to the scattered landscape of the present briefing, but the Court must impose some order onto that scene which the Court has attempted to do in a manner which gives meaning to the Rules and a realistic opportunity for both the parties and the Court to make sense of what has been filed.  Paradoxically, the time and attention needed to attend to this problem only compounds the dilemma facing the Court generally in giving meaningful attention to the substantive issues.

## ORDER

Based upon the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' Motion to Exceed Page Limit (MSJ) (Docket No. 33) is DENIED.

2. Plaintiffs' Motion to Strike Defendants' Memorandum and Affidavit (Docket No. 43) is DENIED.

3. Defendants' Motion to Exceed Page Limit (Opp. to Amend) (Docket No. 44) is DENIED.

4. Defendants shall re-file their Memorandum in Support of Motion for Summary Judgment, Statement of Material Facts, and Opposition to Plaintiffs' Motion to Amend within 14 days of this Memorandum Decision and Order.  Plaintiffs may submit a five-page response to each, 14 days thereafter.

///

///

**MEMORANDUM DECISION AND ORDER - 6**

5.      The June 22, 2016 hearing on Defendants' Motion for Summary Judgment (Docket No. 34), and Plaintiffs' Motion to Amend to Assert a Claim for Punitive Damages (Docket No. 35) is vacated.  The Court will re-set the hearing date for these motions by separate notice.



DATED:  **June 8, 2016**

_____
Honorable Ronald E. Bush
Chief U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 7**